UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21998-Civ-HIGHSMITH
MAGISTRATE JUDGE P. A. WHITE

JORGE HERMELO,                    :

      Petitioner,           :

v.                                :        <u>REPORT OF</u>
                                               <u>MAGISTRATE JUDGE</u>
WALTER A. McNEIL,[1]               :

      Respondent.           :
_____

    Jorge Hermelo, a state prisoner confined at Okeechobee Correctional Institution, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions of sexual battery on a minor by an adult entered on a jury verdict in Dade County Circuit Court case number F01-1928.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    For its consideration of this petition the Court has the petitioner's "Amended Initial Brief of Supporting Facts" [DE 9], the response of the state to an order to show cause with multiple

_____

    [1]Walter A. McNeil has been named Secretary of the Florida Department of Corrections, replacing former Secretary James McDonough. Pursuant to Federal Rule of Civil Procedure 25(d)(1) McNeil is now the proper respondent in this action and should "automatically" be substituted for McDonough. Accordingly, the Clerk is directed to docket and change the designation of the respondent.

exhibits [DE 14-16], and the petitioner's reply. [DE 19]

In his amended petition [DE 10],[2] Hermelo makes the following claims:

> 1. He received ineffective assistance of counsel when his attorney failed to object that a jury instruction on attempted sexual battery which had been requested and granted was not given.
>
> 2. The state was relieved from its burden of proof when the jury instruction on reasonable doubt was not given.
>
> 3. His attorney labored under a conflict of interest due to unpaid fees and rendered ineffective as a result by failing to obtain admissible evidence and prepare adequately for trial.
>
> 4. Prosecutorial misconduct occurred in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).
>
> 5. The cumulative effect of the errors committed by his counsel deprived him of due process and a fair trial.
>
> 6. The trial court's order denying his Rule 3.850 motion was not supported by the proper records and attachments.

On February 8, 2001, Hermelo was charged by information with three counts of sexual battery on a minor by an adult. [DE  15,

---

[2]Because Hermelo's initial petition was voluminous, disorganized and difficult to understand, he was instructed to file an amended petition, clearly stating his claims. Hermelo was cautioned that the court would only review the amended petition as the sole operative petition in the case. [DE 10]

App.W, R.1-5[3] The victim in each instance was Hermelo's biological daughter, Jessica. [DE 15, App.A, Initial Brief at 3] Hermelo was tried to a jury in March, 2003, and was convicted on all counts as charged. [DE 15, R.120-21] On May 2, 2003, he was sentenced to serve his natural life in prison, with a minimum mandatory term of 25 years. [DE 15, R.279-81]

Hermelo prosecuted a direct appeal, raising the following claims:

> 1. The trial court erred in admitting the collateral crimes testimony of Hermelo's nephew Hector Gonzalez.
>
> 2. The trial court erred in admitting evidence of uncharged offenses against Jessica Hermelo.
>
> 3. The trial court erred in finding that the defense was not prejudiced by the state's discovery violations.
>
> 4. The trial court erred in denying the defense motions for judgment of acquittal where the state failed to establish that Hermelo was over the age of 18 at the time of the offenses.

[DE 15, App.C]

On February 2, 2005, Hermelo's convictions and sentence were affirmed without written opinion. Hermelo v. State, 892 So.2d 1038 (Fla. 3 DCA 2005)(table). His convictions therefore became final for federal purposes ninety days thereafter, on or about May 3, 2005. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986)

---

[3]The symbol "R." represents the record created for Hermelo's direct appeal. It begins at App.W of the state's appendix and continues through App.Z.

(conviction is final when judgment of conviction has been rendered, availability of appeal exhausted, and time for petition for certiorari elapsed or petition is denied); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002).

On March 21, 2006, Hermelo submitted a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850, raising numerous claim for relief. [DE 15, App.I] The first five claims alleged instances of ineffective assistance of trial counsel, and included claim three of this federal petition as listed above, alleging ineffective assistance due to a financial conflict of interest. In addition, Hermelo claimed a Brady violation, as he does in claim four of this federal petition, but couched it in his state pleading as an instance of ineffective assistance of counsel. The remaining eight claims alleged trial court errors, including the argument that the court failed to instruct the jury on lesser included offenses which Hermelo asserts in claim one of this federal petition as an example of ineffective assistance.

On August 25, 2006, the collateral trial court denied relief in a short written order, finding that all of Hermelo's claims of ineffective assistance were "without merit, contradicted by the record in this matter, and do not satisfy the requirements of Strickland v. Washington," while the claims of trial court error inter alia "should have been raised on direct appeal." [DE 15, App.I, Order Denying Defendant's Motion for Post-Conviction Relief] Hermelo noticed an appeal of that result, and filed an initial brief. [DE 15, App.K]

At about the same time, Hermelo filed a petition for a state writ of habeas corpus, alleging two instances of ineffective assistance of counsel on direct appeal. [DE 15, App.J] The

appellate court consolidated the matters and issued a single memorandum opinion denying the habeas corpus application and affirming the denial of the Rule 3.850 motion on May 9, 2007. Hermelo v. State, 957 So.2d 1257 (Fla. 3 DCA 2007). [DE 15, App.P] The mandate issued on June 21, 2001 [DE 15, App.S], and this federal proceeding ensued on July 26, 2007.[4]

The respondent correctly acknowledges that this petition was filed within the one-year imitations period of 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Artuz v. Bennett, 531 U.S. 4 (2000) (pendency of properly-filed state postconviction proceedings tolls the AEDPA limitations period).

Issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted. Anderson v. Harless, 459 U.S. 4 (1982); Hutchins v. Wainwright, 715 F.2d 512 (11 Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. Leonard v. Wainwright, 601 F.2d 807 (5 Cir. 1979). While "it is not required that the petitioner present book and verse on the federal constitution," Hutchins, supra at 519, particularly in the context of pro se prisoner litigation, it is necessary that both the constitutional issue itself, as well as the underlying facts, must have been passed on in the first instance in the state forum. Vasquez v. Hillery, 474 U.S. 254 (1986). These principles will be discussed when relevant to Hermelo's individual claims infra.

---

[4]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Vanderberg v. Donaldson, 259 F.3d 1321 (11 Cir. 2001); Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1 at 15-16]

Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant new restriction upon the ability of federal courts to grant habeas corpus relief. It provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362 (1999), the Supreme Court interpreted this provision as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"Clearly established federal law" refers to the holdings of

the United States Supreme Court as of the time of the relevant state court decision. <u>Putnam v. Head</u>, 268 F.3d 1223, 1241 (11 Cir. 2001). A state court's decision is "contrary to" clearly established federal law if the state court 1) applied a rule that contradicts United States Supreme Court case law, or 2) arrived at a result different from that reached in a United States Supreme Court decision when faced with materially indistinguishable facts. <u>Id</u>.; <u>see also</u>, <u>Fugate v. Head</u>, 261 F.3d 1206, 1215-16 (11 Cir. 2001). A state court arrives at an "unreasonable application" of clearly established federal law if it 1) unreasonably applies a correct legal principle for Supreme Court case law to the facts of a petitioner's case, or 2) unreasonably extends or declines to extend a legal principle from Supreme Court case law to a new situation. <u>Id</u>. In this context, an "unreasonable application" is an "objectively unreasonable" application. <u>Williams v. Taylor</u>, <u>supra</u> at 409.

The Eleventh Circuit has stressed the importance of this new standard, stating that the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." <u>Crawford v. Head</u>, 311 F.3d 1288, 1295 (11 Cir. 2002). Specifically, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." <u>Crawford</u>, <u>supra</u> at 1295, <u>quoting</u> <u>Bell v. Cone</u>, 535 U.S. 685 (2002).

Before considering Hermelo's claims for federal relief, a brief description of the facts of his case is in order. The victim, Hermelo's daughter Jessica, was 23 years old at the time of

7

trial, and she testified concerning sexual abuse that began when she was about 7 years old and continued almost daily until she was about 14. [T.375-76] At first, when she was in the second grade, Hermelo would come into her bedroom early in the morning and fondle her while she pretended to be asleep. [T.376] Eventually his behavior escalated to the point that he would force her knees apart and make oral contact with her genitalia. [T.377]

When Jessica was about ten years old and in the fourth grade, Hermelo began to come to her bedroom during the night and whenever her mother was out of the house. [T.381] When the mother took a four-day trip to Puerto Rico, Hermelo picked the lock on the bathroom door while Jessica showered [T.379], physically carried her into a bedroom where he pinned her face-down on the bed and aroused himself to the point of ejaculation by rubbing against her buttocks [T.381], and tried to convince her to share his bed. [T.379] Beginning when she was around 12, Hermelo would come into her room after her mother went to sleep and masturbate himself while kneeling beside her bed. [T.383-84]

Jessica's adult male cousin was called as witness at trial to testify that he also was a victim of Hermelo's molestation during his childhood. As a child his family's house was next door to Hermelo's, and beginning when the cousin was about 7 until he was 13, Hermelo sexually molested him both orally and anally. [T.476-78]

Both Jessica [T.385-86] and her cousin [T.479] testified that they never told anyone about the abuse while it was ongoing because they were afraid of Hermelo, since he was violent towards his family and owned guns.

Turning now to consideration of Hermelo's federal claims, he argues first that a jury instruction on attempted sexual battery which had been requested and granted was not given, and that this comprised fundamental trial error as well as ineffective assistance of both trial and appellate counsel.

As the respondent correctly argues [DE 14 at 7-9], the only exhausted and therefore cognizable component of Hermelo's first, compound claim is the portion where he alleges that failure to challenge the missing jury instruction comprised ineffective assistance of appellate counsel.[5] Therefore, the claim will be discussed here on the merits as an allegation of ineffective appellate representation.

To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). A claim of ineffective assistance of counsel fails unless both prongs of the <u>Strickland</u> analysis are satisfied. <u>Waters v. Thomas</u>, 46 F.3d 1506,

---

[5]Hermelo's present characterization of the omitted jury instruction as an instance of trial error is unexhausted because it was not alleged as error on direct appeal, and it was expressly held to be in procedural default [DE 15, App.I at 367] when Hermelo raised it for the first time in his Rule 3.850 postconviction motion. [DE 15, App.I at 198]; <u>see</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797 (1991)(when a state court has applied a state procedural bar to a claim, that claim is likewise barred from federal habeas corpus review). And since Hermelo never argued in the state forum that his trial counsel rendered ineffective assistance with respect to the omitted jury instruction, that component of his first claim is likewise both unexhausted and at this juncture is also procedurally barred from federal review. <u>Collier v. Jones</u>, 910 F.2d 770, 773 (11 Cir. 1990)(where dismissal to allow exhaustion of unexhausted claims would be futile due to state procedural bar, claims are procedurally barred in federal court as well).

1510 (11 Cir. 1995). Review of counsel's conduct is to be highly deferential, Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

The Strickland principles also apply in assessing claims of ineffective assistance of appellate counsel. Eagle v. Linahan, 268 F.3d 1306 (11 Cir. 2001); Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). Tactical or strategic choices as to which issues to pursue on appeal generally are "properly left to the sound professional judgment of counsel," United States v. Perry, 908 F.2d 56, 59 (6 Cir. 1990), and competent appellate counsel elect to present only the strongest nonfrivolous claims in order to maximize the likelihood of success on appeal. Jones v. Barnes, 463 U.S. 745 (1983). Therefore, when appellate counsel has filed a brief on the merits, the presumption of effective assistance will be overcome only in rare circumstances. Gray v. Greer, 800 F.2d 644 (7 Cir. 1986).

"To determine whether the failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted claim. ... If we conclude that the omitted claim would have had a reasonable probability of success, then counsel's performance was necessarily prejudicial because it affected the outcome of the appeal." Eagle, supra at 1322.

Here, the record reveals that defense counsel requested jury instructions on the lesser included offenses of both misdemeanor battery and attempted sexual battery [T.809, 826], and over the state's objection the court agreed to give both instructions. [T.826] However, when the jury instructions were given, the court did not give the instruction on attempted sexual battery, and the jury was instructed only on misdemeanor battery. [T.931-32] At the conclusion of the instructions the court asked both counsel if there were any additions, corrections or deletions, and defense counsel had none. [T.945]

It is well settled that appellate counsel is not required to raise issues which were not preserved for appellate review. Bertolotti v. Dugger, 883 F.2d 1503, 1523 (11 Cir. 1989), cert. denied, 110 S.Ct. 3296 (1990); Jackson v. Dugger, 931 F.2d 712, 715 (11 Cir. 1991). Nor does appellate counsel have a duty to raise issues on appeal which are without merit. Card v. Dugger, 911 F.2d 1494, 1520 (11 Cir. 1990). Here, since defense counsel did not object to the omission of the jury instruction on attempted sexual battery, any error was not preserved, so appellate counsel cannot be faulted for failing to challenge that situation on direct appeal. Bertolotti v. Dugger, supra.

Moreover, even had any alleged error been preserved, Hermelo suffered no prejudice when the issue of the omitted instruction was not raised on appeal. Florida law holds that where a defendant is convicted of an offense after the jury was instructed on a category 1 lesser included offense, the failure to have given an instruction on a category 2 lesser included offense is harmless. State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978). Here, Hermelo was charged with sexual battery on a victim less than 12 years of age pursuant to Fla.Stat. §794.011(2). [DE 15, App.W, R.1-5] According to the

11

Florida Standard Jury Instructions (Criminal 11.1), the category 1 lesser included offense for that crime is simple battery, and the category 2 lesser included offenses include attempted sexual battery. Since the jury in this case was instructed on the category 1 lesser included offense of simple battery [T.932], the omission of an instruction on the category 2 lesser included offense of attempted sexual battery was harmless error under Florida law. State v. Abreu, supra. Therefore, since the omitted claim regarding the failure to give the attempted sexual battery instruction would have had no reasonable probability of resulting in the reversal of Hermelo's convictions, appellate counsel's performance caused him to suffer no prejudice, cf. Eagle, supra, and Hermelo's first claim warrants no federal relief.

In his second claim, Hermelo asserts that the state was relieved from its burden of proof when the jury instruction on reasonable doubt was not given.  In the "amended brief" filed to accompany his amended §2254 petition [DE 9], Hermelo makes it clear that it is his intent to argue here, as he did on direct appeal [DE 15, App. C at 35-36], that there was insufficient evidence presented to  demonstrate beyond a reasonable doubt that he was at least 18 years old when the offenses were committed, as required by the Florida statute under which he was charged.

At trial, defense counsel moved for judgment of acquittal on the ground that no proof had been adduced that Hermelo was over the age of 18 when he molested his daughter. [T.601] The court denied the motion, holding:

> THE COURT: The motion is denied.
> Circumstantial evidence shows that Jorge
> Hermelo, Jr. was ten or eleven when
> Jessica Hermelo was seven years old,
> which is when the abuse started. So I

> think that it is reasonably
> circumstantially established in the
> record that when the abuse started with
> Jessica at age seven, her older brother
> was ten or eleven for her father to be
> married and have a ten-year-old child
> when she is seven. If he wasn't over the
> age of eighteen, he would be in the
> Guinness Book of World Records.
>
> DEFENSE COUNSEL: Maybe he would, Judge,
> and you know what, they have to prove
> that.
>
> THE COURT: I think that there is
> sufficient circumstantial evidence on the
> record for the jury. And apparently ya'll
> are indicating now that you're not
> conceding that he was eighteen and that
> will be a jury question on the verdict
> form so that they can conclude from the
> circumstances and the evidence that he
> was over the age of eighteen at the time
> of the offense.
>
> [T.617-18]

The standard for review of the sufficiency of the evidence on a petition for state habeas corpus relief is whether the evidence presented, viewed in a light most favorable to the state, would have permitted a rational trier of fact to find the petitioner guilty of the crime charged beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979); <u>Smith v. White</u>, 815 F.2d 1401 (11 Cir. 1987).

Under Florida law, when presented with a motion for judgment of acquittal in a case based on circumstantial evidence, the court is to determine whether there has been presented competent evidence from which a jury could infer guilt to the exclusion of all other interferences, when the evidence is viewed favorably to the state. <u>State v. Law</u>, 559 So.2d 187 (Fla. 1989). The state is not required

conclusively to rebut every possible variation of events that could be inferred from the evidence, but instead must only introduce competent evidence which is inconsistent with the defendant's theory of innocence. Id. at 189. "Whether the evidence fails to exclude all reasonable hypotheses of innocence is a question for the jury's determination, and the appellate court will not reverse where there is substantial competent evidence to support the jury verdict." Martin v. State, 728 So.2d 775 (Fla. 4 DCA 1999). Where a state jury has resolved conflicting evidence and inferences, federal courts will defer to the jury's judgment in weighing the evidence and assigning credibility to the witnesses. Johnson v. Alabama, 256 F.3d 1156, 1172 (11 Cir.), cert.denied, 535 U.S. 926 (2002); Wilcox v. Ford, 813 F.2d 1140 1146 (11 Cir. 1987).

Here, as the trial court held, there was ample circumstantial and other evidence presented to infer that the requisite statutory age was met. Hermelo admitted that he was 47 years old at the time of trial in March, 2003, and his wife, a defense witness, testified that she and Hermelo were married in 1975. [T.601, 633] When Jessica's abuse began her older brother was 10 or 11 years of age, which would have meant that for Hermelo to have been under 18 at that time he would have had to have fathered his oldest child at the age of eight. [T.619] The trial court's rejection of that notion was well within the exercise of its sound discretion. Since the evidence thus was sufficient to establish that Hermelo was over the age of 18 when he committed his offenses, the state courts' denial of his motion for judgment of acquittal comported with applicable federal authorities, cf Jackson v. Virginia, supra, and that result should be allowed to stand. Williams v. Taylor, supra.

In his third claim, Hermelo charges that his attorney labored under a conflict of interest due to unpaid fees and rendered

14

ineffective as a result by failing to obtain admissible evidence and prepare adequately for trial.

In Florida, to prove an ineffectiveness claim premised on an alleged conflict of interest, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance. Herring v. State, 730 So.2d 1264 (Fla.1998). A lawyer suffers from an actual conflict only when he or she actively represents conflicting interests. Id. To demonstrate an actual conflict, a defendant must identify specific evidence in the record that suggests that his or her interests were impaired or compromised for the benefit of a lawyer or another party. Id.

Federal law also holds that a conflict of interest cannot be established through hypothesis or speculation, Cuyler v. Sullivan, 446 U.S. 335 (1980); United States v. Medel, 592 F.2d 1305 (5 Cir. 1979), but rather requires a showing that counsel actively represented conflicting interests. United States v. Ard, 731 F.2d 718 (11 Cir. 1984); United States v. Panasuk, 693 F.2d 1078 (11 Cir. 1982). A defendant claiming ineffective assistance by virtue of counsel's conflict of interest must establish two elements: first, that an actual conflict of interest existed, and second, that it "adversely affected" his counsel's representation. LoConte v. Dugger, 847 F.2d 745, 754 (11 Cir. 1988). The defendant must point to specific instances in the record to suggest an actual conflict or impairment of his interest. United States v. Khoury, 901 F.2d 948, 968 (11 Cir. 1990); Lightbourne v. Dugger, 829 F.2d 1012, 1023 (11 Cir.), cert. denied, 488 U.S. 934 (1988).

When Hermelo made this same claim in his Rule 3.850 proceeding, the collateral trial court expressly adopted the state's reasoning in holding that the argument was "without merit,

contradicted by the record," and did not "satisfy the requirements of Strickland v. Washington...". [DE 15, App.I, Order Denying Defendant's Motion for Post-Conviction Relief] The state's position, as adopted by the court, was as follows:

> The defendant in his first argument claims that he and his primary defense counsel, Michael Mirer, had ongoing issues with regard to the defendant's payment of Mr. Mirer's fee. The defendant does not allege how the outcome of his case would have been different had he paid Mr. Mirer in full. Mr. Mirer not only represented the defendant reasonably, he defended himself zealously and vigorously. He enlisted the assistance of a secondary counsel, Jason Wandner, who also defended the defendant zealously and vigorously. He represented the defendant and filed numerous pretrial and post trial motions, conducted an Arthur Hearing, and Williams Rule Hearing. Mr. Mirer came before the court on several occasions and filed motions and was successful in obtaining funds for his client based upon a finding of indigency, that were used for the investigation and discovery in the case. There is absolutely no evidence anywhere in the record of this case that there was any 'conflict of interest,' nor that if there was that it in any way affected the outcome of the trial.
>
> [DE 15, App.I, State's Response to Defendant's Motion, ¶1]

The collateral trial court's adoption of the foregoing reasoning subsequently was affirmed without comment. Hermelo v. State, supra. [DE 15, App.P]

For the reasons explained in the quoted argument, Hermelo's third claim is without merit, as he fails to demonstrate specific

instances where his asserted conflict with his counsel negatively impacted the outcome of his trial. Since the state courts' resolution of this claim thus was in accord with applicable federal principles, Cuyler v. Sullivan, supra, that result should not be disturbed here. Williams v. Taylor, supra.

In his fourth claim, Hermelo asserts that prosecutorial misconduct occurred in violation of Brady v. Maryland, 373 U.S. 83 (1963). Specifically, Hermelo explains in his "amended brief" that the prosecutor withheld evidence that Jessica had also made allegations against him in Broward County, but after an HRS investigation that case was closed. [DE 9 at 14-16]

The state argues correctly that claim four of this petition is procedurally defaulted from federal review, as it is an instance of trial court error that was not raised on Hermelo's direct appeal. Y1st v. Nunnemaker, supra at n.5. In his reply to the state's response, Hermelo counters that the claim was raised in his Rule 3.850 motion and so was exhausted in that collateral proceeding. [DE 19 at 11] However, Hermelo overlooks the fact that the claim was raised in the Rule 3.850 proceeding as an instance of ineffective assistance of counsel rather than one of trial error, as he characterizes it here. Therefore, the claim of trial error presented here in fact was not exhausted in the Rule 3.850 proceeding, Vasquez v. Hillery, supra, and so is procedurally barred at this juncture. Collier v. Jones, supra.

Moreover, even if the argument in the Rule 3.850 motion were deemed to have exhausted claim four for federal purposes, Hermelo would be entitled to no relief. During the trial, defense counsel advised the court that he had just been provided with an HRS report which contained what he characterized as the exculpatory information

that Hermelo had never made threats to his two youngest children,
sons named Jordan and Jake. [TR.602-03] The state responded that
"these two children were toddlers, were not born when these events
occurred in this case. They have no relevant information with
regards to the crime or what was going on in the house at the time
that the crime took place." [T.604] Further, evidence had been clear
throughout the pendency of the case that the two youngest children
had not been molested, a fact which the court had held was not
relevant in any event. [T.605] The court pointed out that that had
been the sole purpose of the HRS report - to ascertain whether abuse
was occurring to the children who still resided in Hermelo's
household [T.610] - and held that the defense was not prejudiced by
getting the report "at this late date," that the state had not
willfully withheld exculpatory information, and that the report did
not contain information that was directly relevant to the defense.
[T.610]

In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court
established three criteria a criminal defendant must prove in order
to establish a violation of due process resulting from the
prosecution's withholding of evidence. Specifically, the defendant
alleging a Brady violation must demonstrate (1) that the prosecution
suppressed evidence, (2) that the evidence suppressed was favorable
to the defendant or exculpatory, and (3) that the evidence
suppressed was material. United States v. Severdija, 790 F.2d 1556,
1558 (11 Cir. 1986). Evidence is material "only if there is a
reasonable probability that, had the evidence been disclosed to the
defense, the result of the proceeding would have been different."
United States v. Stewart, 820 F.2d 370, 374 (11 Cir. 1987), quoting,
United States v. Bagley, 473 U.S. 667, 682 (1985).

To the extent that the state court's determination that there
was no intentional suppression of discovery material in this case

18

was dependent upon a credibility finding in favor of the prosecutor, 28 U.S.C. §2254(e)(1) as amended by the AEDPA provides that, "[i]n a proceeding initiated by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Since Hermelo as come forward with no clear and convincing evidence to undermine the state court's factual determination in favor of the prosecutor's credibility, it must be presumed pursuant to §2254(e)(1) that the first criterion of a <u>Brady</u> claim - that the prosecution suppressed evidence - has not been met.

     In addition, as has been discussed throughout this report, the evidence against Hermelo was compelling. Based upon the record, it is apparent that the information in the HRS report concerning his two younger children was neither relevant or material, since its earlier disclosure would not have altered the  result of the trial proceeding. <u>Cf</u>. <u>United States v. Stewart  </u>, <u>supra</u>. Under these circumstances, Hermelo has failed to demonstrate that he was deprived of due process as the result of the prosecutor's failure to disclose the HRS report sooner, <u>cf</u>. <u>Brady</u>, <u>supra</u>, and he is entitled to no federal relief on his fourth claim.

     In claim five Hermelo contends that the cumulative effect of the errors committed by his counsel deprived him of due process and a fair trial.  However, since none of Hermelo's individual claims in fact amounts to ineffective assistance, their cumulative effect likewise caused him to suffer no prejudice. <u>Cf</u>. <u>Strickland</u>, <u>supra</u>; <u>see</u> <u>Moore v. Reynolds</u>, 153 F.3d 1086, 113 (10 Cir.), <u>cert.denied</u>, 526 U.S. 1025 (1999)(cumulative error analysis applies only where there are two or more actual errors; it does not apply to the

cumulative effect of non-errors). Therefore, claim five warrants no federal relief.

In his sixth and final claim, Hermelo argues that the state trial court's order denying his Rule 3.850 motion was not supported by the required copies of files and records refuting his claims. [DE 1 at 12-B] Such an argument states no claim cognizable under §2254. Aa state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to a level of denial of fundamental due process. Redman v. Dugger, 866 F.2d 387 (11 Cir. 1989); Machin v. Wainwright, 758 F.2d 1431, 1433 (11 Cir. 1985); Carrizales v. Wainwright, 699 F.2d 1053 (11 Cir. 1983). In addition, the weight of authority holds that errors in state postconviction proceedings are not addressable in federal habeas corpus actions. Franzen v. Brinkman, 877 F.2d 26 (9 Cir.), cert. denied, 110 S.Ct. 574 (1990), and cases cited. Pursuant to these authorities, no relief is warranted on Hermelo's sixth claim.

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 22nd day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Jorge Hermelo, Pro Se
     DC #M42190
     Okeechobee Correctional Institution
     3420 N.E. 168th Street
     Okeechobee, FL 34972-4824

20

```
Rolando Soler, AAG
Department of Legal Affairs
444 Brickell Avenue
Suite 650
Miami, FL 33131
```